**JUDGE CHIN**

07 CV 5641

NOURSE & BOWLES, LLP
Attorneys for Plaintiff
PRECIOUS SHIPPING (SINGAPORE)
PTE. LIMITED.
One Exchange Plaza
At 55 Broadway
New York, NY  10006-3030
(212) 952-6200



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
PRECIOUS SHIPPING (SINGAPORE) PTE.       :
LIMITED,                                                           :
                                                                         :
                              Plaintiff,                          :    07 Civ.        (   )
                                                                         :
                          - against -                              :    **VERIFIED COMPLAINT**
                                                                         :
SHANDONG FAR EAST MARINE SHIPPING :
CO., LTD.,                                                          :
                                                                         :
                              Defendant.                       :
-------------------------------------------------------------X

Plaintiff, Precious Shipping (Singapore) Pte. Limited ("Plaintiff"), by its attorneys, Nourse & Bowles, LLP, complaining of the above-named defendant, Shandong Far East Marine Shipping Co., Ltd. ("Defendant"), alleges as follows:

1.   This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.  The Court has admiralty jurisdiction under 28 U.S.C. § 1333.

2. At all material times, Plaintiff was and now is a corporation or other business entity organized and existing under the laws of Singapore with an office and place of business at 79 A Tras Street, Singapore 079016, Republic of Singapore.

3. At all material times, Defendant was and now is a corporation or other business entity organized and existing under the laws of a foreign country with an office and place of business at Kaixuan Building East Tower 17F, 43 Donghai West Road, Qingdao, China.

4. At all material times, Fonway Enterprises Ltd. was and now is a foreign corporation with an office and place of business at 21/F, Wai Tat Centre, 55 Connaught Road West, Hong Kong.

5. Pursuant to a voyage charter party fixture note dated April 27, 2007, Plaintiff, as owner, chartered the vessel M/V GOMAIN NAREE to Defendant, as charterer for a voyage from Haldia and Paradip, India to Lanshan, China. The charter provides for resolution of disputes between the parties by arbitration in London with English law to apply.

6. Plaintiff and the aforesaid vessel duly performed the voyage although Defendant's use of the vessel at the ports of loading exceeded the amount of allowed laytime to Defendant under the charter giving rise to demurrage which resulted in the net amount of $165,299.08 being due and owing under the charter by Defendant to Plaintiff, as conceded by Defendant, no part of which has been paid although duly demanded.

7. Defendant has therefore breached its contract with Plaintiff and currently owes to Plaintiff the principal amount of $165,299.08.

8. Interest is routinely awarded to the prevailing party in London on the foregoing amount and Plaintiff claims interest at 8 ½% based on recent London arbitration awards for a period of two (2) years, or the sum of $28,100.84, the said period of time being a reasonable estimate for resolution of the claim in London.

9. Costs, including solicitor's fees and expenses are also routinely awarded to the successful party in London and Plaintiff claims the total of $75,000 representing a reasonable estimate of the likely solicitor's fees and costs to present and determine Plaintiff's claim in London.

10. By reason of the foregoing premises, Defendant owes Plaintiff the sum of $268,399.92 as best as can presently be calculated.

11. Defendant uses Fonway Enterprises Ltd. as Defendant's paying agent for the purposes of Defendant transferring, paying and receiving funds and, in fact, Defendant used Fonway Enterprises Ltd. to transfer a freight payment to Plaintiff under the charter in question. On information and belief, any transfer of funds to, by or from Defendant within the District may be made for and on behalf of Defendant in the name of Fonway Enterprises Ltd.

12. Defendant cannot be found within the district within the meaning of Rule B of the Supplemental rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendant is believed to have or will have during the pendency of this action, assets within this district consisting of cash, funds, freight, hire or credits including but not limited to electronic fund transfers in the hands of garnishees

in this District either in Defendant's name or in the name of its paying agent, Fonway Enterprises Ltd.

    WHEREFORE, Plaintiff prays:

    A.    That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

    B.    That, since Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplement Rules for Certain Admiralty and Maritime Claims, attaching all of Defendant's tangible or intangible property owing or otherwise the property of the Defendant up to the amount of $268,399.92, including, <u>inter alia</u>, cash, funds, credits, freight hire or electronic funds transfers going to or coming from Defendant, in Defendant's name or in the name of its paying agent, Fonway Enterprises Ltd., to secure Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and, pursuant to Supplemental Admiralty Rule B, answer the matters alleged in the Complaint.

   C. That such property attached pursuant the Process of Maritime Attachment and Garnishment remain sequestered to serve as security for the payment of Plaintiff's claims; and

   D. That, following the attachment of sufficient funds to secure Plaintiff as prayed herein, that action be stayed pending resolution of the merits of the claim in London in accordance with the governing contract.

   E. That Plaintiff have such other, further and different relief as may be just and proper.


Dated: New York, New York
   June 13, 2007

          NOURSE & BOWLES, LLP
          Attorneys for Plaintiff
          PRECIOUS SHIPPING (SINGAPORE)
          PTE. LIMITED

          By:_____
           Armand M. Paré, Jr. (AP-8575)
           One Exchange Plaza
           At 55 Broadway
           New York, NY  10006-3030
           (212) 952-6200

| | |
|---|---|
| STATE OF NEW YORK | ) |
| | ) ss: |
| COUNTY OF NEW YORK | ) |

ARMAND M. PARÉ, JR., being duly sworn, deposes and says:

I am a member of the firm of Nourse & Bowles, LLP, attorneys for plaintiff herein and I have read the foregoing Verified Complaint and know the contents thereof and that the same are true to my own knowledge, except as to the matters herein stated to be alleged on information and belief, and as to those matters I believe them to be true.

The source of my information is documents, records and other information submitted to me on behalf of the plaintiff.

This verification is made by me because plaintiff is a foreign corporation.

ARMAND M. PARÉ, JR.

Sworn to before me this
/?/ day of June, 2007

Notary Public

MARY T. BANNON
Notary Public, State of New York
No. 01BA4785995
Qualified in New York County
Commission Expires February 28, 2010